UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE E. SCHNEIDER and MICHAEL
SCHNEIDER, her husband,

    Plaintiffs,

vs.                                              Case No.  3:05-cv-1298-J-MCR

THE HERTZ CORPORATION, a foreign
corporation; and ADRIEL BRAZ RIBEIRO, an
individual,

    Defendants,

and

THE HERTZ CORPORATION, a foreign
corporation,

    Cross-Claim Petitioner,

vs.

ADRIEL BRAZ RIBEIRO, an individual and
MIQUEIAS RIBEIRO, an individual,

    Cross-Claim Respondent.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel (Doc. 38) filed April 6, 2007 and Defendant's Motion for Protective Order (Doc. 39) filed April 11, 2007. Plaintiffs filed their response in opposition to the motion for protective order on March 22, 2004.  (Doc. 21).  Defendant, however, did not file a response to Plaintiffs' Motion to

Compel and the time for doing so has expired. Accordingly, the matter is now ripe for judicial review.

**I.   BACKGROUND**

On July 28, 2005, Plaintiffs filed the instant lawsuit in state court for injuries arising out of an automobile accident which occurred July 13, 2005. Plaintiffs sued Adriel Braz Ribeiro, the driver of the other vehicle for negligence and Hertz Corporation ("Hertz") for negligent entrustment and vicarious liability. (Doc. 2). Hertz removed the case to this Court on December 22, 2005. (Doc. 1). On January 27, 2006, Plaintiffs amended the Complaint to add Miqueias Ribeiro, the individual who rented the vehicle involved in the accident, as a defendant. (Doc. 12). Plaintiffs again amended the Complaint to cure some technical deficiencies on July 24, 2006. (Doc. 19). On February 13, 2007, Hertz filed a cross-claim against Defendants, Adriel Braz Ribeiro and Miqueias Ribeiro, for declaratory relief. (Doc. 37). It does not appear that Defendants Adriel Braz Ribeiro and Miqueias Ribeiro have responded to the cross-claim.

Meanwhile, Plaintiffs and Hertz have been engaging in discovery. According to Hertz, Plaintiffs have attempted to depose numerous employees and former employees of Hertz with no connection to the case and have sent requests to produce seeking irrelevant documents. As such, Hertz filed the instant motion seeking a protective order to prevent Plaintiffs from obtaining certain discovery. Specifically, Hertz claims Plaintiffs are attempting to depose numerous "agents/managers that were not involved in the transaction or otherwise were not employed by Hertz at the time of the subject

accident." (Doc. 39, p.3). Hertz also complains that Plaintiffs are seeking the production of personnel files of employees not associated with the transaction at issue in this case. Finally, Hertz seeks a protective order to prevent Plaintiffs from obtaining "'any and all' Hertz policies, procedures, manuals, videos and other materials of any kind that discuss[] the procedures Hertz requires employees to follow with regard to the renting of vehicles." Id. Hertz claims that this request is overbroad, burdensome and seeks irrelevant information.

Plaintiffs respond that they are only seeking to depose three individuals: the clerk at the counter who carried out the rental transaction, the manager of the location where the transaction occurred and the "most knowledgeable Hertz employee at the location where the subject vehicle was rented regarding training, orientation and/or in-servicing of newly hired workers." (Doc. 43, p.2). Additionally, Plaintiffs assert that they have "no interest in the employee files of individuals who were not involved in this rental transaction." (Doc. 43, p.3). With respect to the policies and procedures, which are also the subject of Plaintiffs' Motion to Compel, Plaintiffs state that Defendants produced these materials the day after filing the motion for protective order at the Corporate Representative's deposition. Id.

## II. ANALYSIS

As an initial matter, the Court assumes Plaintiffs' Motion to Compel (Doc. 38) is moot as Plaintiffs assert in their response to the motion for protective order that they received the documents at issue in the Motion to Compel. (Doc. 43, p.3). However, in the future, counsel are instructed to explicitly notify the Court if they are able to resolve

Case 3:05-cv-01298-MCR   Document 50   Filed 04/26/07   Page 4 of 6 PageID 346

any issues in motions pending before the Court.  As Plaintiffs filed the Motion to Compel, counsel for Plaintiffs should have either withdrawn the motion or at the very least sent a notice to the Court stating that the issues involved in the motion had been resolved.

With respect to Hertz's Motion for Protective Order (Doc. 39), Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  One seeking a protective order carries the burden of showing good cause and/or the right to be protected.  See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  Garrett, 571 F.2d at 1326 n.3 (citations omitted).

In the instant case, Hertz has the burden of showing good cause for the entry of a protective order.  Hertz has not satisfied its burden.  Hertz has provided the Court with nothing more than conclusory statements to support its claim that the information sought by Plaintiff's is either irrelevant or overly burdensome to acquire.  Accordingly, the Court will deny Hertz's Motion for Protective Order.

Moreover, based on Plaintiffs' response, all of the issues in Hertz's Motion have been resolved.  With respect to Hertz's first concern, that Plaintiffs sought to depose individuals with no involvement in the transaction, Plaintiffs clarified that they had no such intention.  Secondly, with respect to Hertz's concern regarding Plaintiffs seeking

personnel files of employees not involved in the transaction, Plaintiffs' explanation is not entirely clear.  Plaintiffs state that they are only interested in the personnel files of the individuals located at the office where the rental occurred.  Plaintiffs go on to state that they received the file of the clerk involved in the rental transaction on April 12, 2007.  As such, the Court assumes Plaintiffs are not seeking any other personnel files and Hertz's concern over this issue is moot.  Finally, with regard to Hertz's concern about providing policies and procedures, Plaintiffs state they received the information they were seeking from Hertz the day after the instant motion was filed.  As such, that issue is likewise moot.

Based on the foregoing, the Court is very concerned that despite the Certificate of Compliance stating otherwise, counsel for Hertz has failed to comply with Local Rule 3.01(g) by conferring with opposing counsel prior to filing the Motion.  The Court believes the parties would have been able (and according to Plaintiffs have been able) to resolve any issues associated with the instant Motion without involving the Court.  In any event, counsel for Hertz should have notified the Court immediately upon resolving any of the issues involved in the Motion.  Counsel for both sides are cautioned that any future failings to comply with the local rules will result in the motion being stricken or denied as well as the imposition of appropriate sanctions.

Accordingly, after due consideration, it is

**ORDERED**:

1.   Plaintiff's Motion to Compel (Doc. 38) is **DENIED as moot**.

2.   Defendant's Motion for Protective Order (Doc. 39) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  26th  day of April, 2007.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record