UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE E. SCHNEIDER and MICHAEL
SCHNEIDER, her husband,

    Plaintiffs,

vs.                                                                   Case No. 3:05-cv-1298-J-MCR

THE HERTZ CORPORATION, a foreign
corporation, and ADRIEL BRAZ RIBEIRO, an
individual, and MIQUEIAS RIBEIRO, an
individual,

    Defendants.
_____
THE HERTZ CORPORATION, a foreign
corporation,

    Cross-Claim Petitioner,

vs.

ADRIEL BRAZ RIBEIRO, an individual and
MIQUEIAS RIBEIRO, an individual,

    Cross-Claim Respondents.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, the Hertz Corporation's, Motion to Strike Plaintiffs' Experts (Doc. 40) filed April 11, 2007. Plaintiffs filed a response in opposition to the Motion on April 20, 2007 (Doc. 45).

Defendant's Motion asks the Court to strike Plaintiffs' "purported experts" as well as to issue an order "prohibiting any of the Plaintiffs' physicians from testifying as to any

-1-

matter outside of their mere diagnosis and treatment." (Doc. 40, p.6). Plaintiffs responded by correctly pointing out that treating physicians may testify at trial without producing a report as required by Rule 26(a)(2)(B), Fed.R.Civ.P. McKee v. USAA Ins. Agency, Inc., 2006 WL 3422238 at *2 (N.D. Fla. 2006). However, whether Plaintiffs must disclose their treating physicians as experts and provide reports is not nearly as straightforward or clear-cut as Plaintiffs seem to think.

As Defendant notes, the majority of courts addressing this issue have determined that a plaintiff may not avoid the requirements of providing an expert report by simply indicating that his/her expert is a treating physician. Instead, Rule 26 focuses on the substance of the testimony rather than the status of the witness. Leathers v. Pfizer, Inc., 233 F.R.D. 687, 696-97 (N.D. Ga. 2006) (citing, Brown v. Best Foods, 169 F.R.D. 385, 388 (N.D. Ala. 1996)) (internal quotations and citations omitted). Where the treating physician testifies about "'the care and treatment of his/her patient,'" the physician is not considered a "specially retained expert" even if the physician offers opinion testimony under Federal Rules of Evidence, Rules 702, 703 and 705. Brown, 169 F.R.D. at 388 (quoting, Wreath v. United States, 161 F.R.D. 448, 449 (D. Kan. 1995)). "However, when the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." Id. (quoting, Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995); Wreath, 161 F.R.D. at 450). Indeed, because physicians not disclosed as experts are testifying as fact witnesses, their opinions must be based on facts of which they have personal knowledge and

testimony regarding causation will not be permitted "unless the determination of causation was necessary for treatment" and the doctor's opinion is helpful to a clear understanding of his/her testimony.  <u>Phillips v. American Honda Motor Co., Inc.</u>, 438 F.Supp.2d 1328, 1330 (S.D. Ala. 2006) (citing, <u>United States v. Henderson</u>, 409 F.3d 1293, 1300 (11th Cir. 2005)).  Therefore, unless Plaintiffs treating physicians needed to determine how Mrs. Schneider was injured in order to administer treatment, they will not be permitted to testify as to causation.  <u>Id.</u>

In ruling on Hertz's Motion to Continue, the Court granted the parties an extension of time in which to disclose their experts.  Accordingly, the instant motion is moot and the Court need not determine at this time whether Plaintiffs' treating physicians should be considered experts and subject to Rule 26(a)(2)(B).  However, if counsel for Plaintiffs believes the testimony of the treating doctors will include opinions based on information not related to the care and treatment of the plaintiffs, counsel shall provide opposing counsel with a written report in compliance with Rule 26(a)(2)(B), Fed.R.Civ.P. by June 8, 2007.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant, the Hertz Corporation's, Motion to Strike Plaintiffs' Experts (Doc. 40) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of May, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record