UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE E. SCHNEIDER and MICHAEL
SCHNEIDER, her husband,

    Plaintiffs,

vs.                                                                         Case No.  3:05-cv-1298-J-MCR

THE HERTZ CORPORATION, a foreign
corporation, and ADRIEL BRAZ RIBEIRO, an
individual, and MIQUEIAS RIBEIRO, an
individual,

    Defendants.
_____
THE HERTZ CORPORATION, a foreign
corporation,

    Cross-Claim Petitioner,

vs.

ADRIEL BRAZ RIBEIRO, an individual and
MIQUEIAS RIBEIRO, an individual,

    Cross-Claim Respondents.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Hertz Corporation's Amended Motion for Judgment on the Pleadings (Doc. 61) filed July 31, 2007.

### I.  BACKGROUND

On July 28, 2005, Plaintiffs filed the instant lawsuit in state court for injuries arising out of an automobile accident which occurred July 13, 2005.  Plaintiffs sued

-1-

Adriel Braz Ribeiro, the driver of the other vehicle, for negligence and Hertz Corporation, the rental car company, for negligent entrustment and vicarious liability. (Doc. 2). Hertz removed the case to this Court on December 22, 2005. (Doc. 1). On January 27, 2006, Plaintiffs amended the Complaint to add Miqueias Ribeiro, the individual who rented the vehicle involved in the accident, as a defendant. (Doc. 12).

On February 13, 2007, Hertz filed a cross-claim against Defendants, Adriel Braz Ribeiro and Miqueias Ribeiro, for declaratory relief, asking for an order stating that it is under no obligation to provide Miqueias Ribeiro or Adriel Braz Ribeiro with LIS coverage for any damages arising out of the instant litigation as a result of Miqueias Ribeiro's breach of the rental agreement by allowing an unauthorized driver, Adriel Braz Ribeiro, to drive the vehicle. (Doc. 37). On July 31, 2007, Hertz filed the instant Motion seeking summary judgment on its declaratory judgment claim. (Doc. 61).

## II.  DISCUSSION

In the instant Motion, Hertz asks the Court to grant summary judgment on its declaratory judgment action and find that it is under no obligation to provide the Ribeiros with LIS coverage for any damages arising from the instant litigation. (Doc. 61). Additionally, Hertz asks to be relieved of its obligation to defend and indemnify either of the Ribeiros and that Miqueias Ribeiro be found responsible for the actual and consequential damages to Hertz caused by Miqueias and Adriel Braz Ribeiro. (Doc. 61, p.11). On August 29, 2007, Defendant and Cross-Claim Respondent, Miqueias Ribeiro, filed his response to the motion. (Doc. 74). In the response, counsel for Miqueias Ribeiro states that after conferring with his client, he concluded that Mr. Ribeiro had no

defense to Hertz's declaratory judgment action. However, counsel for Mr. Ribeiro notes that in the last paragraph of Hertz's Motion, Hertz requests to be relieved of its obligation to defend and indemnify either Adriel Braz Ribeiro or Miqueias Ribeiro. Counsel for the Ribeiros argues there is nothing pled in the motion or referenced in the contract or case law which would relieve Hertz of its obligation to defend the Ribeiros. Accordingly, the only issue left for the Court to consider is whether Hertz is under some sort of obligation to defend and indemnify the Ribeiros.[1]

According to the Ribeiros, Hertz has a duty to defend them pursuant to the dangerous instrumentality and financial responsibility laws of the State of Florida. (Doc. 82). This duty is separate from the contract between the parties. In support of this claim, the Ribeiros cite the Florida Supreme Court case of Roth v. Old Republic Ins. Co., 269 So.2d 3 (1972). In Roth, an individual rented a car from Yellow Rent-A-Car and signed a contract stating that the car would not be operated by anyone other than the "undersigned renter without the express written consent of Yellow Rent-A-Car." Roth, 269 So.2d at 4. In fact, the renter allowed another individual, Roth, to drive the car without Yellow Rent-A-Car's consent. While driving the car, Roth struck two elderly women, killing one and seriously injuring the other. Id. The ensuing personal injury litigation was settled with Roth's insurance company advancing the funds without prejudice to a later judicial determination regarding questions of indemnity or restitution. Id. The trial court resolved the dispute regarding ultimate liability by finding that Roth's

---

[1] The Court allowed the parties to file several memoranda regarding this issue. (See Docs. 77, 79, 82, 86).

insurance carrier was primarily liable and denied its claim for restitution and granted the other insurance carriers' claims for indemnity. Id. The ruling was based on the fact that Roth had not received Yellow Rent-A-Car's consent to drive the vehicle. Id. The appellate court affirmed holding that:

> a lessor of a vehicle is entitled to common law indemnification when damage is caused through the negligence of a lessee's permittee who was not authorized to drive the vehicle under the agreement between the owner and lessee.

Id. The Florida Supreme Court quashed the earlier decisions and held:

> We do not think that Yellow Rent-A-Car and its insurer, Old Republic Insurance Company, can escape ultimate primary liability for the accident. Its automobile was rented to Plax, who, as lessee or bailee, paid the item of premium for the insurance coverage afforded by Old Republic. If Plax had been driving the rented car at the time of the accident, unquestionably, as a permittee of the named insured, he would have been protected by the Old Republic Insurance policy for which he had paid an amount allocated as premium. Furthermore, Old Republic Insurance Company would not have had any right of indemnity from Plax, as an insured protected by its policy, even though he was the tort-feasor. Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235. We conclude Roth, as Plax's permittee, was similarly protected by the Old Republic policy due to legal principles implicit in Susco, as we will hereinafter explain.

Id. at 5-6. Further, the court determined that Roth was protected by Yellow Rent-A-Car's insurance policy "because of the Financial Responsibility Law and the policy's conformance therewith," and that this protection could not be varied by the contract between Yellow Rent-A-Car and the renter. The court went on to note:

> [i]t follows that Roth or his insurer, State Farm, does not legally have to pay accident claims either directly or by way of indemnification which Old Republic is primarily and

-4-

> specifically required to pay under the terms of its policy for the protection of Roth.

Id. at 6.  Despite being offered an opportunity to respond to the Ribeiros' arguments, Hertz failed to even refer to the Roth case, much less distinguish it and argue why it should not apply to this case.  Instead, Hertz takes the position that other than the contract, it owes no duty to Miqueias Ribeiro and that because Miqueias Ribeiro breached the contract, any duties under the contract are unenforceable.  (Doc. 86, p.4).  Hertz also argues that because Adriel Braz Ribeiro was never a party to the contract, it never owed any duty to him.  Id.

As the parties agree that Miqueias Ribeiro breached the contract with Hertz by allowing Adriel Braz Ribeiro to drive the car, the Court will grant Hertz's motion insofar as it seeks a declaration that Miqueias Ribeiro breached the contract and that Hertz is under no obligation to provide the Ribeiros with LIS coverage pursuant to the contract for any damages arising from the instant litigation.  Additionally, pursuant to the contract, Miqueias is responsible for the actual and consequential damages to Hertz caused by the breach.  However, as for Hertz's request to be found no longer responsible to defend and indemnify either Adriel Braz Ribeiro or Miqueias Ribeiro, Hertz has failed to make a sufficient showing.  The Court has no information regarding the insurance coverage for any of the parties.  Accordingly, the Court cannot determine whether Roth applies and/or whether indemnification should be permitted.  As one court has noted, "[f]ew areas of consumer law are more confusing than the question of who is liable to defend and pay claims for accidents arising out of the use of a rental vehicle."  Budget Rent-A-Car Systems, Inc. v. State Farm Mutual Automobile Ins. Co., 727 So.2d

287, 291 (Fla. 2nd DCA 1999).  In the instant case, the parties have simply failed to adequately address the issues surrounding the duty to defend and indemnify under the Financial Responsibility law and the Court cannot make such a determination at this time.

Accordingly, after due consideration, it is

**ORDERED**:

Hertz Corporation's Amended Motion for Judgment on the Pleadings (Doc. 61) is **GRANTED in part and DENIED in part** as set forth in the body of this Order. The parties are directed to inform the Court no later than **November 2, 2007** whether they wish the Court to rule on the remaining pending motions.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of October, 2007.

*Monte C. Richardson*
  MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record